## WILLIAM CONLYN v. ROBERT SPEAR.

Court of Common Pleas.   Kent.   December 6, 1803.

*Rodney's Notes.*

*H. Ridgely* [for plaintiff].   *Fisher* [for defendant].

In this case the evidence seems to be contradictory.   On the part of the defendant, it is contended and proved by one witness that Conlyn agreed to rent and pay to Spear.   Plaintiffs prove that a contract was made by Conlyn to rent and pay one-half the rent to Miriam Blackshire, a tenant in common in said land, and that Spear had notice from her to pay half the rent.

*Ridgely* offered to give in evidence that Miriam Blackshire was owner or tenant in common with defendant.   Objected by *Fisher* that tenant could not in any shape whatever controvert the right of defendant to make distress.   Court permitted plaintiff to lay his evidence before the jury.

*Ridgely*.   Robert Spear cannot recover but for certain rent, and if he could distrain, cannot recover more than one-half, and that without costs.   1 Burr. 472, on parol lease (not by deed) where rent is uncertain, he cannot distrain but may recover for use and occupation.   5 Term 246, terre-tenant having notice from one tenant in common not to pay the whole rent to the other, if he does, the other, may recover his half from him.   1 Del.Laws 328.   It is in evidence that Conlyn offered to pay half the rent to Spear, and as [there] was tender and refusal, if you think he is not entitled to more, it must be without costs, 3 Bl.Comm. 303.

PER CURIAM.   Tenant cannot controvert landlord's title.   If defendant agreed to rent of Miriam Blackshire, he cannot recover but half, and without costs.

Verdict for avowant, £5.